McKinney, J.,
delivered the opinion of the court.
This was an action of assumpsit in the circuit court of Ptladison, against the defendants as the drawers and endorsers of a bill of exchange. The original summons was served on one of the endorsers, in Madison county, and a counterpart thereof was sent to Henderson county, which was there served on the drawers and other endorser. .
The defendants filed a joint plea in abatement, the ground of which is, that at the time of the commencement of said suit and service of the process, said defendants were, in fact, all residents of Henderson.
An affidavit, made by Hervy Brown, is appended to the plea, in which he states: “That he is informed and believes that the above plea is true in substance and matter of fact.”
A motion was made to strike out said plea, which was re *392 fused by the court. The plaintiff then demurred, specially, and on argument the demurrer was overruled, and judgment rendered for the defendants.
Without stopping to consider the substance of the plea in abatement, or the objections as to matters of form, we think it sufficient to say, that the court erred in refusing the motion to set it aside, on the ground, that, not being verified as required by law, the plaintiff had the right to treat it ás a nullity. The act of 1794, ch. 1, § 26, declares, that no plea in abatement shall be received, unless the party offering the same, shall prove the truth of such plea, by affidavit or otherwise.
Under this provision of the statute, we hold that the affidavit may be made by the attorney or agent of the defendant, if the facts, constituting the foundation of the plea, be within his personal knowledge. The affidavit, verifying such plea, must be positive as to the truth of every fact contained in the plea, and should leave nothing to be collected by inference; it must be stated, that the plea is true, in substance and fact. And in the absence of such affidavit, the plaintiff may treat the plea as a nullity, and move the court to set it aside. 1 Chitty’s Pl., 402, The statement in the affidavit to this plea, made by a third person, who does not purport to be either the agent or attorney of the defendants, that he is “informed and believes1'1 that the plea is true in substance and fact, is no compliance with the requirement of the statute, it is no proof of the truth of the plea; he may have been so informed, and so believe, and yet the truth may be otherwise.
The judgment will be reversed, the plea set aside, and the case be remanded, with leave to the defendants to answer over to the merits of the action.